UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cv-00014 GSA |
| | ) | |
| Plaintiff, | ) | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| | ) | |
| | ) | Discovery Deadlines: |
| | ) |    Non-Expert: January 5, 2009 |
| | ) |    Expert: April 2, 2009 |
| | ) | |
| | ) | Motion Deadlines: |
| v. | ) |    Non-Dispositive: April 9, 2009 |
| | ) |    Dispositive: April 30, 2009 |
| | ) | |
| | ) | Settlement Conference: |
| | ) |    March 17, 2009 at 10:30 a.m. |
| | ) |    Courtroom 9 (DLB), 6th Floor |
| APPROXIMATELY 8,000.00 IN U.S. CURRENCY, | ) | Pre-Trial Conference: |
| | ) |    June 12, 2009 at 8:30 a.m. |
| | ) |    Courtroom 10 (GSA), 6th Floor |
| Defendant. | ) | |
| | ) | Trial: August 4, 2009 at 8:30 a.m. |
| | ) |    Courtroom 10 (GSA), 6th Floor |
| | ) |    2 Days |
| | ) |    Court Trial |

**I.**    **Date of Scheduling Conference**

June 4, 2008.

1

**II.     Appearances of Counsel**

Stephanie Hamilton Borchers appeared on behalf of Plaintiff United States of America ("Plaintiff").

Valunt Montgomery appeared pro se ("Claimant").

**III.    The Pleadings**

**A.     Summary of the Case**

This is an *in rem* civil forfeiture action.  In its Verified Complaint for Forfeiture *In Rem*, the government alleges that the defendant currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*. and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

The defendant approximately $8,000.00 in U.S. Currency (hereafter the "defendant currency"), was seized on or about May 27, 2007, at Fresno and C Street, in Fresno, California, and is in the custody of the United States Marshals Service, Eastern District of California.  The defendant currency was adopted for forfeiture proceedings by the Drug Enforcement Administration on July 2, 2007.

The action was published on January 28, 2008, in *The Business Journal* (Fresno County) pursuant to the Order of Publication filed January 8, 2008.  The Declaration of Publication was filed on February 15, 2008.

On or about January 28, 2008, Valunt Montgomery was personally served with copies of the complaint, application and order for publication, warrant for arrest, order setting mandatory scheduling conference, notice of availability of dispute resolution, notice of availability of a magistrate judge, and letter dated January 10, 2008.

On or about January 29, 2008, Oshawn Jackson was served the above-listed documents through his attorney of record Cadee Peters at 1060 Fulton Mall, Suite 815, Fresno, California

2

1  93721.

2  To date there has been no claim or answer filed by or on behalf of Oshawn Jackson and
3  the time in which to do so has expired. Accordingly, on April 16, 2008, the Government
4  requested and received a Clerk's Entry of Default as to Oshawn Jackson.

5  On February 19, 2008, the government received a written "notice" from Valunt
6  Montgomery regarding the defendant currency. This "notice" was filed with the court on
7  February 19, 2008. On February 26, 2008, the government sent a letter to Valunt Montgomery
8  advising him that the claim submitted must be in compliance with the provisions of Rule G(5)(a)
9  of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The
10 letter further advised that the claim be signed under penalty of perjury, set forth the exact nature
11 of his interest in the property, and his right to defend this action. The letter explained to Mr.
12 Montgomery that absent such a claim he would have no standing to pursue the return of the
13 defendant currency. The letter gave Mr. Montgomery a deadline of March 28, 2008, in which to
14 file his verified claim and answer. On March 28, 2008, Valunt Montgomery filed a Motion in
15 Opposition of Forfeiture *In Rem*.

16 At the April 2, 2008, Scheduling Conference Valunt Montgomery was directed to file his
17 claim by April 22, 2008, and his answer twenty (20) days thereafter.

18 On April 21, 2008, Valunt Montgomery filed a Declaration in Support of the Motion in
19 Opposition of Forfeiture *In Rem.*

20 To date, no other potential claimants have filed a claim, answer, or otherwise appeared
21 in this action, and the time in which to do so has expired.

22 **B.    Orders Regarding Amendment of Pleadings**

23 No amendments to the pleadings are anticipated at this time. Claimant is ordered to file
24 any answer to the verified complaint on or before July 11, 2008.

3

### IV. Factual Summary

**A.    Uncontested Facts**

It is uncontested that the defendant currency was seized on or about May 27, 2007.

**B.    Contested Facts**

Plaintiff contends the facts are as alleged in its Verified Complaint.

Claimant Valunt Montgomery contends the money is from a legal loan and not illegal proceeds.

### V. Legal Issues

The parties agree that jurisdiction and venue are proper with the United States District Court for the Eastern District of California.

### VI. Consent to the Magistrate Judge

Pursuant to 28 U.S.C. § 636(c), the parties have consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

### VII. Discovery Plan and Cut-Off Date

The parties are ordered to complete all discovery pertaining to non-experts on or before January 5, 2009.

The parties are directed to disclose all expert witnesses retained or specially employed by either party, in writing, on or before March 2, 2009.  The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.**  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before April 2, 2009. The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions

4

included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

### VIII. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than April 30, 2009. The Court will set a hearing date for such motions, if any. Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than April 30, 2009, and heard in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

### IX. Pre-Trial Conference Date

June 12, 2009, at 8:30 a.m. in Courtroom 10 before the Honorable Gary S. Austin.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in

Word Perfect X3[1] format, directly to Judge Austin's chambers by emailing it to gsaorders@caed.uscourts.gov.

The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

### X.     Trial Date

The trial will be held on August 4, 2009, at 8:30 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

  A.   This is a court trial.

  B.   Parties' Estimate of Trial Time: 2 days.

Parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285, for preparation of trial briefs.

### XI.    Settlement Conference

A Settlement Conference is scheduled for March 17, 2009, at 10:30 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers by email to dlborders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  The parties are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

  A.  A brief statement of the facts of the case.

  B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

  C.  A summary of the proceedings to date.

  D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

  E.  The relief sought.

  F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire an additional settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XII.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

The parties have not requested bifurcation.

**XIII.   Related Matters Pending**

The parties have not identified any related matters.

**XIV.   Compliance with Federal Procedure**

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XV.   Effect of this Order**

The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **June 10, 2008**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE