IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cv-00014-GSA |
| Plaintiff, | ) ) ) | **FINAL JUDGMENT OF FORFEITURE** |
| v. | ) ) | |
| APPROXIMATELY $8,000.00 IN U.S. CURRENCY, | ) ) ) | |
| Defendant. | ) ) | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against Defendant approximately $8,000.00 in U.S. Currency (hereafter "defendant currency").

2. A Verified Complaint for Forfeiture *In Rem* was filed on January 2, 2008, seeking the forfeiture of the defendant currency, alleging said currency is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

3. On January 3, 2008, in accordance with said Complaint, a Warrant for Arrest of Articles *In Rem* for the defendant currency was issued and duly executed on January 15, 2008.

///

1. 4. On or about January 28, 2008, a Public Notice of Arrest of the defendant currency appeared by publication in the *Business Journal*, a newspaper of general circulation in the county in which the defendant currency was seized (Fresno County). The Declaration of Publication was filed with the Court on February 15, 2008.

5. In addition to the Public Notice of Arrest having been completed, actual notice was personally served upon Claimant and Oshawn Jackson. Claimant filed an Answer in this action. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

6. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Oshawn Jackson on April 16, 2008. Pursuant to Local Rule A-540, the United States and Claimant Valunt Montgomery joined in a request that, as part of this Final Judgment of Forfeiture in this case, the Court enter a default judgment against the interests if any, of Oshawn Jackson.

7. Claimant represents and warrants that he is the sole owner of the defendant currency.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action (Doc. No. 32, Attachment 1).

2. Judgment is hereby entered against Valunt Montgomery, Oshawn Jackson, and all other potential claimants who have not filed claims in this action.

3. Upon entry of a Final Judgment of Forfeiture, $1,700.00 of the defendant approximately $8,000.00 in U.S. Currency, together with any interest that may have accrued on the full amount of the defendant approximately $8,000.00 in U.S. Currency, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6) to be disposed of according to law.

4. Within 45 days of entry of a Final Judgment of Forfeiture herein, $6,300.00 of the defendant approximately $8,000.00 in U.S. Currency, shall be returned to Claimant Valunt Montgomery at 567 W. Alamos, Apt. B, Clovis, CA 93612.

///

5. Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

6. There was reasonable cause for the seizure and arrest of the defendant currency, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

7. All parties shall bear their own costs and attorneys' fees.

IT IS SO ORDERED.

**Dated:** May 20, 2009         **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE

### CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed January 2, 2008, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant currency.

IT IS SO ORDERED.

**Dated:** May 20, 2009         **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE